UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNNY WRIGHT,  )
          Plaintiff,  )
          v.  )  No.  16 CV 11533
CITY OF CHICAGO, and CHICAGO POLICE  )
OFFICERS MARY JONES, and ADRIAN  )
ROSILES,  )
          Defendants.  )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOHNNY WRIGHT, by and through his attorneys, FREDERIC H. EVERLY, and BRANDON BROWN, and complaining of the Defendants, CITY OF CHICAGO, and CHICAGO POLICE OFFICERS ADRIAN ROSILES and MARY JONES, allege as follows:

### INTRODUCTION

1. This action is brought under 42 U.S.C. 1983 to address the deprivations under color of law of Plaintiff's rights as secured by the United States Constitution and under state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 (a); pendent jurisdiction is provided under 28 U.S.C. 1367.

3. Venue is proper under 28 U.S.C. 1391(b) because, upon information and belief, all defendants reside in this district, and nearly all of the events giving rise to the claims asserted herein occurred within this district

### PARTIES

4. Plaintiff JOHNNY WRIGHT, at all times relevant, was a citizen of the United States and a resident of the City of Chicago, County of Cook, State of Illinois.

5. Defendant CITY OF CHICAGO is a municipal corporation organized under the laws of the State of Illinois. It is the principal and employer of the Individually-Named Defendants.

6. Defendants ADRIAN ROSILES, Star #19462, and MARY JONES, Star # 5531, ("Defendant Officers") were, at all times relevant, Chicago Police Department Officers employed by Defendant CITY OF CHICAGO. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

## FACTUAL ALLEGATIONS

7. On or about December 28, 2014, JOHNNY WRIGHT, was at his home with his brother, Bruce Brooks-Wright, and his cousin, Andre Marcel Nelson, at 7912 South Bishop Avenue in the City Chicago, State of Illinois.

8. At approximately 5:00am, Mr. Wright was attempting to prevent his brother, who was sitting in the driver's seat of a car parked directly in front of Mr. Wright's home, from driving intoxicated.

9. Unbeknownst to Mr. Wright, Defendants Rosiles and Jones were responding to a burglary in progress call that was allegedly committed in the area.

10. Without a reasonable and articulable suspicion, or any other lawful basis, Defendant Rosiles seized Plaintiff to conduct an investigatory stop.

11. According to Defendant Officers, Plaintiff did not match a description of the suspected burglar.

12. According to Defendant Rosiles, Plaintiff was never a suspect in the alleged burglary.

13. Defendant Jones knew that Defendant Rosiles intended to conduct an investigatory stop of Mr. Wright and had a reasonable opportunity to prevent it from occurring but did not.

14. Without warning, Defendant Rosiles grabbed Mr. Wright from behind, seizing Plaintiff without a lawful basis.

15. Defendant Rosiles then forced Mr. Wright to the ground.

16. Although Mr. Wright was not struggling, had done absolutely nothing wrong, and posed no threat whatsoever to the Defendant Officers or anyone else, Defendant Rosiles elbowed Mr. Wright in the back and forced his weight on Mr. Wright's neck.

17. In so doing, Defendant Rosiles used excessive and unreasonable force against Mr. Wright.

18. Although Defendant Jones knew that Defendant Rosiles intended to use excessive and unreasonable force against the Plaintiff and had a reasonable opportunity to prevent the harm, she did not.

19. As a result of Defendant Rosiles' excessive force, Mr. Wright, who was previously paralyzed, experienced intense physical pain and agony, and suffered a number of bruises.

20. In order to cover up for their unlawful and unconstitutional actions, the Defendant Officers then arrested Mr. Wright without probable cause, or any other lawful basis, and charged him with aggravated battery to a police officer and felony resisting arrest.

21. In furtherance of the Defendant Officers' conspiracy to deprive Plaintiff of his rights, they generated false and incomplete official reports, and gave false and incomplete official statements.

22. Likewise, in furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

23. On July 28, 2016, Mr. Wright was found not guilty of all charges. Therefore, charges against Mr. Wright were dismissed in a manner indicative of his innocence.

24. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with his normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Illegal Seizure
*Against Defendant Rosiles*

25. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

26. The seizure of Plaintiff's person performed willfully and wantonly by Defendant Rosiles, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

27. As a direct and proximate result of the above-detailed actions of Defendant Rosiles, Plaintiff was injured, including the deprivation of his liberty and the taking of his person and property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed him to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, purusant to 42 U.S.C. §1983, demands judgment against Defendant Rosiles for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Failure to Intervene (Illegal Seizure)
*Against Defendant Jones*

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. The actions of Defendant Rosiles constituted unreasonable, unjustifiable, and unlawful seizure of Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

3

30. Defendant Jones failed to intervene when Defendant Rosiles unreasonably seized Plaintiff, as alleged above, even though there was no legal basis for it.

31. The aforementioned actions of Defendant Jones was the direct and proximate cause of the Constitutional violations set forth above.

32. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, purusant to 42 U.S.C. §1983, demands judgment against Defendant Jones for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – False Arrest
*Against Defendant Officers*

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

34. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

35. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Excessive Force
*Against Defendant Rosiles*

36. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

37. The actions of Defendant Rosiles constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

4

38. As a direct and proximate result of the above-detailed actions of Defendant Rosiles, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Failure to Intervene (Excessive Force)
*Against Defendant Jones*

39. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

40. The actions of Defendant Rosiles constituted unreasonable, unjustifiable, and excessive use of force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

41. Defendant Jones failed to intervene when Defendant Rosiles used unreasonable and excessive force against Plaintiff, as alleged above, even though there was no legal basis for it.

42. The aforementioned actions of Defendant Jones was the direct and proximate cause of the Constitutional violations set forth above.

43. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, purusant to 42 U.S.C. §1983, demands judgment against Defendant Jones for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights
*Against Defendant Officers*

44. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

45. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

46. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

47. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

48. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

49. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

50. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII: 745 ILCS 10/9-102 – Indemnification
### *Against Defendant City of Chicago*

51. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

52. Defendant City of Chicago is the employer of the Defendant Officers.

53. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, demands that, should any Individually-Named Defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

## COUNT VIII: Malicious Prosecution (State Law Claim)
### *Against All Defendants*

54. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

55. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

56. Defendant City of Chicago is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty

6

and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

57. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, JOHNNY WRIGHT, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

JOHNNY WRIGHT

By: _____
Brandon Brown
Attorney for the Plaintiff

Brandon Brown
716 E. 47th Street
Chicago, IL. 60653
(773) 624-8366
bbrown@thebrownlaw.com

Frederic H. Everly
Frederic H. Everly P.C.
233 S. Wacker Drive, 84th Floor
Chicago, IL. 60606
(T) 312.283.8400
(F) 312.276.8181
FHE@EverlyLaw.com